**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**



**FILED**
NOV 15 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

George Webb Sweigert )
8850 HAMPTON DRIVE
Plaintiffs, CAPITOL HGTS, MD )
02743

v. )

ANDREW MCCABE )
Former Director, FBI
935 Pennsylvania Avenue, NW )
Washington, D.C. 20535-0001

JAMES COMEY )
Former Director, FBI
935 Pennsylvania Avenue, NW )
Washington, D.C. 20535-0001

ROBERT S. MUELLER, III )
Former Director, FBI
935 Pennsylvania Avenue, NW )
Washington, D.C. 20535-0001

ROD ROSENSTEIN )
Deputy Attorney General
Department of Justice )
950 Pennsylvania Ave.
Washington, D.C. 20530 )

ELAINE DUKE )
Director, Dept of Homeland Security
800 K St NW #1000 )
Washington, D.C. 20528

MICHAEL HAYDEN, Former Director )
National Security Agency
9800 Savage Road, Suite 6711 )
Fort Meade, MD 20755-6711

Case: 1:17-cv-02461   Jury Demand
Assigned To : Sullivan, Emmet G.
Assign. Date : 11/15/2017
Description: Pro Se Gen. Civil   F Deck

**RECEIVED**
NOV 15 2017
Clerk, U.S. District and
Bankruptcy Courts

COMPLAINT

The Defendants McCabe, Comey, Mueller, and Rosenstein created a conspiracy to run an illicit uranium smuggling operation on or about 2009 to now and and ongoing, including but not limited to, the Pakistani ISI intelligence service under the color of law, and then used their government positions and police powers to suppress disclosure, dissent, and exposure of their ongoing criminal activities by intimidating whistleblowers, press, and concerned citizens. The Plaintiff sues Defendants, as individuals and in their official and unofficial capacities, for violations when James Comey and Andrew McCabe were Directors of the Federal Bureau of Investigation ("FBI") of the Plaintiff's constitutional and civil rights, invasion of privacy, including illegal searches and seizures, physical invasion of their residences and places of business, illegal detention as temporary false imprisonment, confiscation of property, intentional infliction of emotional distress, harassment and intimidation, all preventing the Plaintiff's enjoyment of life, liberty, and property.  As grounds therefore, Plaintiffs allege as follows:

I. INTRODUCTION AND NATURE OF THE ACTION

1. This is a case of the abuse of false and fraudulent claims of national security to target critics and silence criticism of government officials for the benefit of public officials to avoid responsibility and accountability for their actions in government, by abusing false claims of national security to harass and intimidate and harm the Plaintiff.

2. In retaliation against the Plaintiff's for opposition to the establishment of a Joint Terrorism Task Force unit within the Portland, Oregon Police Department, JTTF Special Agent in Charge Andrew McCabe began compiling an illegal dossier against the Plaintiff, and false claims were fabricated from this dossier for retaliation, illegal searches and seizures, physical invasion of his

residences and places of business, temporary false imprisonment, the confiscation of their property,, intentional infliction of emotional distress, harassment and intimidation.

3. In retaliation against the Plaintiff's for opposition for the use of illegal wiretapping and the testimony of criminal anonymous informants over a period of years, targeting a Somali teen named Mohammad Mohammed, JTTF Special Agent in Charge, Andrew McCabe made false claims in the Counter-Terrorism dossier of the Defendant for retaliation, illegal searches and seizures, physical invasion of his residences and places of business, temporary false imprisonment, the confiscation of their property, intentional infliction of emotional distress, harassment and intimidation.

4. The Defendant Andrew McCabe falsely and fraudulently used the JTTF Counter-Terrorism Watchlist to harass, intimidate, seize their property, and damage the Plaintiff after revealing and illegal, "color of law" sex sting operation, upon information and belief, known as Operation Underground Railroad, using former CIA and DHS employees in a private vigilante operation, focused on asset seizure.  The Plaintiff was a victim of this "color of law" operation with informative turned operative, Janine Lindemueller.

5. The Defendant Andrew McCabe falsely and fraudulently used the JTTF Counter-Terrorism Watchlist to harass, intimidate, seize their property, and damage the Plaintiff after revealing and illegal, "color of law" uranium smuggling operation know as Uranium One, operating primarily through the Port of Charleston, South Carolina including but not limited to, a trucking company known as Transport Logistics near Ft. Meade, Maryland.

II.     JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. §§ 2333 and 2334.

8. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.

9. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) under diversity of citizenship. On information and belief the Plaintiffs and Defendants herein are citizens of different states and thus diversity exists.

10. The amount in controversy exceeds $75,000. 11. Venue is proper for Defendants pursuant to 28 U.S.C. § 1391(f)(4), 18 U.S.C. § 2334(a) and 28 U.S.C. §§ 1391(b) and 1391(d), because the majority of the actions and omissions by the Defendants were undertaken within or initiated from the District of Columbia.

III.     THE PARTIES

12. Plaintiff George Webb Sweigert is a fifty six year old father of two. He is a past long time resident of Oregon and Indiana, and is in the process of moving to Washington, DC. His first 34 years of his career was spent in computer hardware and software sales, and in the last year, he has become an independent, crowdsourced journalist.

13. Defendant Andrew McCabe is a past Director of the FBI, and currently the Deputy Director of the FBI and was at times relevant to the acts and omissions at issue herein the Director for the Federal Bureau of Investigation.

14. Defendant Robert Mueller, III is a past Director of the FBI, and currently the Special Counsel to the Department of Justice and was at times relevant to the acts and omissions at issue herein the Director for the Federal Bureau of Investigation.

15. Defendant James Comey is a past Director of the FBI, and currently a private citizen and was at times relevant to the acts and omissions at issue herein the Director for the Federal Bureau of Investigation.

16. Defendant Michael Hayden is a past Director of the NSA, and currently a private citizen and was at times relevant to the acts and omissions at issue herein the Director for the National Security Administration.

17. Defendant Elaine is the current Director of the Department of Homeland Security, and was at times relevant to the acts and omissions at issue herein the Director for the Federal Bureau of Investigation.

IV.     FACTS COMMON TO ALL COUNTS

18. The Defendants acting in concert and each of them individually have conspired and contributed to false accusations against the Plaintiffs causing illegal searches and seizures against the Plaintiffs and other injuries. The harm against the Plaintiffs was also carried out by many other government officials and personnel who were only acting on the orders of and misinformation from the Defendants, including line FBI and JTTF Special Agents.

19. The Plaintiff is the victim of illegal retaliation, illegal searches and seizures, malicious prosecution and/or investigation, abuse of process, and invasion of privacy, in retaliation for their efforts to hold government and government officials responsible for their actions.

20. Unknown to the Plaintiff in late 2010, the Defendants engage in the collection, storage, and analysis of communications of the Plaintiff in an illegal dossier, misusing the Counter-Terrorism Watchlist in a political reprisal against the Plaintiff for opposing JTTF in the Portland, Oregon Police Force.

21. Unknown to the Plaintiff after 2010, the Defendants used a series of "color of law" entrapments, targeting US citizens including the Plaintiff. The Counter-Terrorism Watchlist was used for political reprisal against the Plaintiff for protesting these methods of entrapment for a

young Somali student named Mohammad Mohammed in Portland, Oregon in the years leading up to the Christmas Tree lighting in Pioneer Square in Portland, Oregon in 2010.

22. In June 15th, 2010, Plaintiff Sweigert was electronically hunted down by JTTF after viewers of a television news show I participated in called the US Coast Guard. In the broadcast, I had exposed an illegal uranium trade through the Port of Charleston, and I identified an Awan spy ring in Congress that was monitoring this illegal trade through facilities at DHS and DISA facilities in and around Springfield, Virginia on behalf of JTTF. After fully participating in the investigation by the US Coast Guard, US Customs and Border Patrol, and Department of Homeland Security, through five phone calls, and entrapment scheme was devised to set up my arrest and false imprisonment was set up by Special Agent Pettyjohn of Blacksburg, Virginia and JTTF Special Agent. A parallel construction of the events were then communicated by one or both of these agents, either directly or through surrogates, to Kevin Mele of the New York Times and Donie O'Sullivan of CNN.

23. At no time did the Defendants have probable cause to engage in searches or seizures of the Plaintiffs' property, documents, records, or papers, detain them, or invade their residences or places of business or initiate electronic surveillance searches.

24. Furthermore, the searches were not conducted so as to be remotely targeted with any particularity to even the subject matter of the false affidavit used to justify the searches. The searches conducted were open-ended fishing expeditions unrelated to any probable cause.

25. The Defendant's harassment of the Plaintiffs was never based on any probable cause, plausible justification, and was knowingly false and was motivated purely by retaliation.

26. The Defendant's harassment of the Plaintiffs was open-ended and unlimited and not limited to investigation or searches or seizures supported by probable cause.

27. Moreover, as later revealed by Edward Snowden, the NSA was even then, with the assistance of cooperating telephone and telecommunications companies, conducting mass interception and surveillance of all telephone calls within the domestic United States for the very purpose – at least so they claimed – of detecting both external and internal threats against the national security of the United States.

V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Fourth Amendment Violation: Illegal Searches and Seizures (Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)*

28. The Defendants in concert and each of them individually knowingly, willfully, and intentionally retaliated against the Plaintiffs in retaliation for the Plaintiffs reporting entrapment and asset seizure schemes through DHS such as Operation Underground Railroad, illegal uranium smuggling, bad government decisions in the mishandling of taxpayer funds and trampling the rights of citizens. Plaintiffs enjoy a liberty interest in their persons, papers, documents, records, residences, and places of business against unreasonable searches and seizures by the government without due process of law, as guaranteed by the Fourth Amendment to the U.S. Constitution.

29. At no time did the Defendants have probable cause sufficient to justify the searches and seizures of their property, papers, documents, records, residences, or places of business.

30. On the contrary, the Defendants acted with willful and knowing hostility to retaliate against the Plaintiffs for criticism of the waste of taxpayer funds, and to silence, intimidate, threaten, and harm the Plaintiffs. 69. The violations of this liberty interest are compensable under Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## SECOND CAUSE OF ACTION

***Fifth Amendment Violation: Illegal Detention as False Imprisonment (Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics).***

31. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

32. Plaintiffs enjoy a liberty interest in their persons of not being deprived of liberty by actions of the government without due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.

33. At no time did the Defendants, each and every one of them acting in concert, have probable cause sufficient to justify the searches and seizures of the Plaintiffs' property, papers, documents, records, residences, or places of business, nor to detain or question the Plaintiffs in association with those searches. On the contrary, the Defendants acted with willful and knowing hostility to retaliate against the Plaintiff for exposing reprisal programs such as Operation Underground Railroad, illegal uranium smuggling schemes, and for criticism of the waste of taxpayer funds, and to silence, intimidate, threaten, and harm the Plaintiffs.

34. Unlawful detention for even short periods contrary to law is false imprisonment. The Plaintiff's two days of false imprisonment was compounded by a parallel construction released to the New York Times and CNN.

35. The Defendants directly and indirectly caused the illegal detention, restraint, and temporary imprisonment of the Plaintiffs in association with the raids on their homes and/or places of businesses.

36. The violations of this liberty interest are compensable under Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## THIRD CAUSE OF ACTION

*Fifth Amendment Violation: Deprivation of Free Speech Under the First Amendment (Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)*

37. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

38. Plaintiffs enjoy a liberty interest in their persons of not being deprived of their rights of free speech, including exposing political illegal uranium smuggling schemes, reprisal schemes, color of law asset seizure scheme such as Operation Underground Railroad, and criticizing bad government decisions, as guaranteed by the First Amendment to the U.S. Constitution.

39. The Defendants violated the constitutional and civil rights of the Plaintiffs by attempting to charge them with conspiracy and for years to impede their free association with each other as well as chill exercise of Plaintiff's First Amendment right to free speech, most especially political speech criticizing illegal uranium smuggling schemes and asset seizure schemes such as Operation Underground Railroad, in retaliation for their prior exercise of such political speech.

## FOURTH CAUSE OF ACTION

*Deprivation of Civil Rights: First Amendment and Due Process Rights (42 U.S.C. §1983 and 42 U.S.C. §1985)*

40. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

41. The Defendants' actions and their omissions with regard to their duties to act constitute knowing and intentional deprivation of the Plaintiffs rights by government action, including in discrimination, with the intent to chill, and in retaliation and punishment for the exercise of the Plaintiffs' First Amendment rights to criticize illegal uranium smuggling schemes, reprisal schemes, and asset seizure schemes such as Operation Underground Railroad.

42. By the acts and omissions of the Defendants described above, the Defendants and each of them individually deprived the Plaintiffs of his constitutional rights to equal protection of the laws and equal privileges guaranteed by the First Amendment to the United States Constitution, as reinforced by the Fourteenth Amendment.

43. By the acts and omissions of the Defendants described above, the Defendants and each of them individually deprived the Plaintiffs of their constitutional rights.

44. At all times relevant to this Complaint, the Defendants and each of them individually acted willfully and intentionally to violate the Plaintiffs' civil and constitutional rights and/or acted with reckless disregard of whether their conduct violated the Plaintiffs' civil and constitutional rights.

45. In the actions described above, the Defendants and each of them individually violated the provisions of 42 U.S.C. 1983 to the injury of the Plaintiffs.

46. The Defendants conspired with one another to violate the civil and constitutional rights of the Plaintiffs and in so doing violated the provisions of 42 U.S.C. §1983 and 42 U.S.C. §1985 to the injury of the Plaintiffs.

## FIFTH CAUSE OF ACTION

*Intentional Infliction of Emotional Distress*

47. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

48. The Defendants knowingly and intentionally acted to threaten, intimidate, frighten, and harm the Plaintiffs including to chill, retaliate against and punish the Plaintiffs for the exercise of the Plaintiffs' First Amendment rights to criticize bad government decisions.

49. The Defendants harmed the Plaintiffs out of spite, bitterness, anger, and animosity in retaliation for the Plaintiffs' criticism of the "color of law" entrapment scheme such as Operation

Underground Railroad and illegal, "color of law", uranium smuggling schemes known as Uranium One.

50. Defendants' actions and omissions were intended to frighten, threaten, intimidate, and manipulate the Plaintiffs by causing them emotional distress.actions and omissions were willful malicious, deliberate, or were done with reckless indifference to the likelihood that such behavior would cause severe emotional distress and with utter disregard for the consequences of such actions.

51. Defendant's conduct is unreasonable and outrageous and exceeds the bounds tolerated by decent society, and was done willfully, maliciously and deliberately, or with reckless indifference, to cause Plaintiffs severe mental and emotional pain, distress, and anguish and loss of enjoyment of life.

## SIXTH CAUSE OF ACTION

*Abuse of Process*

52. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

53. The Defendants committed the tort of abuse of process against the Plaintiffs by using legal process in law enforcement and in the courts not for legitimate purposes or based upon probable cause but out of retaliation, spite, bitterness, anger, and animosity due to the Plaintiffs' criticism of the "color of law" entrapment schemes such as Operation Underground Railroad and illegal,"color of law" smuggling schemes such as Uranium One..

VI.     PRAYER FOR RELIEF

With regard to all counts, Plaintiff demands that judgment be entered against Defendants each and every one of them for compensatory and actual damages because of his demonstrable personal, professional, financial, physical and emotional injury to Plaintiffs, punitive damages in

excess of $10 million because of Defendants' callous and reckless indifference and malicious acts, and attorneys fees, costs, an award in excess of $2.5 million for each Plaintiff in lost wages and employment and other costs, or in excess of $12.5 million for the Plaintiff, in an amount to be determined by the jury, equitable relief in the form of preliminary and permanent injunctions, and such other relief the Court may deem just and proper.

### JURY DEMAND

Plaintiffs respectfully demand a jury trial on all issues so triable. Dated: November 15TH, 2017

Respectfully submitted,

/s/George Webb Sweigert

*[signature: George Webb Sweigert]*

8850 Hampton Mall Drive

Capitol Heights, MD 20743

(503) 919-0748

georg.webb@gmail.com

Pro Se Attorney for Plaintiff